UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, <div align="right">Plaintiff,</div><br>v.<br><br>R.U.R. TRANSPORATION, INC.; and ROSA MARIE VELAZQUEZ AGUILAR, <div align="right">Defendants.</div> | Case No.:  22cv333-LL-WVG<br><br>**ORDER:**<br><br>**(1)   GRANTING IN PART JOINT MOTION FOR STAY**<br>**(2)   DENYING PLAINTIFF'S EX PARTE MOTION FOR SERVICE BY PUBLICATION**<br><br>**[ECF Nos. 9, 11]** |

This matter is before the Court on the Joint Motion of Plaintiff United Financial Casualty Company ("UFCC") and Defendant R.U.R. Transportation, Inc. ("R.U.R.") (together, the "parties") to stay this case for six months or until after Plaintiff receives proof of service of the complaint and summons on Defendant Rosa Marie Velazquez Aguilar [ECF No. 9] and Plaintiff's Ex Parte Motion for Order Authorizing Service of Summons and Complaint on Defendant Velazquez Aguilar by Publication in Mexico and San Diego County [ECF No. 11]. For the reasons discussed below, the Court **GRANTS IN PART** the parties' Joint Motion for Stay and **DENIES** Plaintiff's Ex Parte Motion to Serve Defendant Velazquez Aguilar by Publication.

## I.    BACKGROUND

On March 11, 2022, Plaintiff UFCC filed a complaint against Defendants R.U.R. and Velazquez Aguilar seeking judicial declarations that it has no obligation, as the issuer of a commercial automotive insurance policy to R.U.R., to indemnify R.U.R., to defend R.U.R., or to pay for claims against R.U.R. made by Velazquez Aguilar against R.U.R. in a state court action arising from the death of Fernando Gutierrez Velazquez during the course of his employment by R.U.R. on January 10, 2020. ECF No. 1. ¶¶ 6-30.

The Clerk of Court issued a summons in this case on the same day the complaint was filed. ECF No. 2. The summons was returned as to R.U.R. on April 6, 2022 [ECF No. 3], and R.U.R. filed its answer to the complaint on May 25, 2022 [ECF No. 6] after being granted a thirty-day extension of time on the parties' joint motion [ECF No. 5]. On June 8, 2022, the parties jointly moved for a six-month stay, stating that Plaintiff believes that Velazquez Aguilar resides in Mexico and that Plaintiff has been unable to serve Velazquez Aguilar despite efforts to locate her through her counsel of record in state court proceedings, to request a waiver of service, and to determine her whereabouts through investigation. ECF No. 9 ¶¶ 4-5. On July 15, 2022, Plaintiff filed an ex parte Motion seeking leave to serve Velazquez Aguilar via publication in San Diego County and in Mexico. ECF No. 11. Defendant R.U.R. does not oppose Plaintiff's ex parte Motion. ECF No. 11-2 at 4.

## II.    LEGAL STANDARD

### A.    Domestic Service

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service by any means permitted by the law of the state in which the case is pending, or the state in which the defendant resides. *See* Fed. R. Civ. P. 4(e)(1). Title 5, Chapter 4, Article 3 of California's Code of Civil Procedure ("CCP"), governing "Manner of Service of Summons," provides for various means of service, including but not limited to, service by publication. Section 415.50 of the CCP ("Section 415.50"), governing service by publication, provides as follows:

1
2
3
4
5
6
7
8

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action. (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

9   Cal. Civ. Proc. Code § 415.50(a).

10   Under California law, "[c]onsistent with the notions of fair play and due process,
11   substituted service by publication is 'a last resort' when 'reasonable diligence to locate a
12   person in order to give him notice before resorting to the fictional notice afforded by
13   publication' has been exercised." *Calvert v. Al Binali*, 241 Cal. Rptr. 3d 42, 49-50 (Cal. Ct.
14   App. 2018) (quoting *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 858 (Cal. Ct. App. 1978)).
15   California courts impose a high standard of diligence before approving use of publication
16   and strictly construe the statutory provisions for service by publication. *See Olvera v.*
17   *Olvera*, 283 Cal. Rptr. 271, 277 (232 Cal. Ct. App. 1991) ("When substituted or
18   constructive service is attempted, strict compliance with the letter and spirit of the statutes
19   is required."). "Before allowing a plaintiff to resort to service by publication, the courts
20   necessarily require him to show exhaustive attempts to locate the defendant, for it is
21   generally recognized that service by publication rarely results in actual notice." *Watts v.*
22   *Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995). "The term 'reasonable diligence' . . . denotes
23   a thorough, systematic investigation and inquiry conducted in good faith by the party or
24   his agent or attorney." *Kott v. Superior Ct.*, 53 Cal. Rptr. 2d 215, 221 (Cal. Ct. App. 1996)
25   (citations omitted). To satisfy the reasonable diligence standard, it is generally sufficient
26   to for a plaintiff to show: "[a] number of honest attempts to learn defendant's whereabouts
27   or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and
28   by investigation of appropriate city and telephone directories, the voters' register, and the

real and personal property index in the assessor's office, near the defendant's last known location[.] *Id.*

### B.     Foreign Service

Rule 4(f) of the Federal Rules of Civil Procedure dictates the acceptable methods of serving individuals in a foreign country. Fed. R. Civ. P. 4(f). If there is an "internationally agreed means of service that is reasonably calculated to give notice," then service in a foreign country is permissible by such internationally agreed means as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"), *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, or "by any other means not prohibited by international agreement, as the court orders." Fed R. Civ. P. 4(f)(1),(3). Court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) unless prohibited by the Hague Convention. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002).

Alternative methods of service permissible under Rule 4(f)(3) include such means as "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id.* at 1016 (citations omitted). However, any method of service, "[e]ven if facially permitted by Rule 4(f)(3), . . . must also comport with constitutional notions of due process." *Id.* In other words, the method of service "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected[.]" *Mullane*, 339 U.S. at 315. Ultimately, the court has discretion to determine "when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props.*, 284 F.3d at 1016.

### C.    Time for Service

Defendants located within the United States must generally be served within ninety days after a complaint is filed. Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* However, service in a foreign country is not subject to the general time limits on service of process. *Id.* ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]"); *see Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991) (per curiam) ("the controlling language of Rule 4[(m)] [is] so clear that it allows no latitude for interpretation"). Nevertheless, time to serve a defendant in a foreign country is not unlimited.[1]

### III.    DISCUSSION

### A.    Motion for Stay

As an initial matter, the Court notes that the time to serve Defendant in the United States under Rule 4(m) expired on June 9, 2022. *See* Fed. R. Civ. P. 4(m). Given that Plaintiff does not know the whereabouts of Defendant Velazquez Aguilar and states that

---

[1] Other circuit courts have opined that the court may set reasonable limits on the time to effect service in a foreign country under the court's inherent authority to manage its docket. *See, e.g. Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) ("Good faith and reasonable dispatch are the proper yardsticks" to measure whether a case should be dismissed for failure to serve a foreign defendant.); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) ("Because district courts need to be able to control their dockets, we have stated that the amount of time allowed for foreign service is not unlimited."). District courts within the Ninth Circuit have found such reasoning to be persuasive. *See, e.g. Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wa. 2015) (citing *Nylok*, 396 F.3d at 807; *Ventura Foods, LLC v. Food King, S.A. de C.V.*, No. 15-cv-2349-BAS(JMA), 2016 U.S. Dist. LEXIS 170907, at *2-3 (S.D. Cal. Dec. 8, 2016) ("[T]he 4(m) exemption for time limit for service does not give Plaintiff an infinite time to serve Defendant."); *Baja Devs. LLC v. TSD Loreto Ptnrs.*, No. CV-09-756-PHX-LOA, 2009 U.S. Dist. LEXIS 83268, at *2-3 (D. Ariz. Aug. 27, 2009) ("Although Rule 4(m)'s time limit does not apply to service in a foreign country, Plaintiff has not cited, nor has the Court found, any authority stating that a district court is precluded from setting a reasonable time limit for service in a foreign country to properly manage a civil case.").

she "most likely lives in Mexico, but may also reside in San Diego County" [ECF No. 11-1 at 2], the Court finds that it may be necessary to extend the deadline for domestic service under Rule 4(m). Accordingly, the Court **GRANTS IN PART** the parties' Joint Motion to stay the case. The case will be **STAYED** for three months from the date of this Order, until **February 7, 2023**, and the Court extends the time to serve Velazquez Aguilar in the United States until that date for good cause shown. ECF No. 9.

### B. Motion for Service by Publication

Plaintiff avers that it has been diligent in its efforts to locate and serve Defendant Velazquez Aguilar and that it has been unable to do so. ECF No. 11-1 at 2. Specifically, Plaintiff states that it attempted to effect service on Velazquez Aguilar through her attorney in the pending state court case, attempted to find her address by examining her pleadings and discovery responses in the state court case, and retained investigators in San Diego County and Mexico to "conduct skip traces," and again reached out to her state court counsel to ask if she would waive service. *Id.* at 3-4. Plaintiff's attorney submitted an affidavit affirming his efforts to effect service on Velazquez Aguilar, stating that he is not aware of any family members, acquaintances, or other individuals that are able to provide information about her whereabouts. No. 11-2. Plaintiff's attorney also attached declarations by First Legal Investigations, a licensed detective agency, as well as Process Service Network, LLC, a process server and investigator, detailing their efforts to locate Velazquez Aguilar. *Id.*

The declaration of Summer Dos Santos, employed by First Legal Investigations, states that they were unable to establish a paper/address trail for Velazquez Aguilar after searching: the Aircraft Registration/Ownership Index; Bankruptcy Filings Index; Civil Judgment Index; Corporation Affiliations Index; County Tax Lien Filings Index; Credit Header Address Inbox; DMV Information Index; Federal Tax Lien Filings Index; National Death Record Locator Index; Notice of Default Filings Inbox; Real Property Ownership Index; State Tax Lien Filings Index; UCC1 Filings Index; Watercraft

Registration/Ownership Index; and comprehensive social media search. ECF No. 11-2 at 6-7.

The declaration of Nelson Tucker, the chief executive officer of Process Service Network, LLC, states that they were unable to locate Velazquez Aguilar or find an available address for service after searching: Facebook, Twitter, Instagram, MySpace, YouTube, Google+, WhatsApp, WeChat, Line, and Foursquare; online telephone directories for Mexico; criminal index for Mexico; business licenses in Mexico; public medical facilities and hospitals in Mexico; the Mexico national registry; and multiple databases. ECF No. 11-2 at 8-10. Tucker also stated that newspapers in Mexico will not publish legal notices from the United States, that the only known method of service by publication in Mexico is through Global Legal Notice, LLC, and recommended that service be effectuated via publication because it is "more likely to give actual notice to Aguilar than traditional newspaper publication[.]" *Id.* at 10-11.

Service by publication in Mexico is not prohibited by any international agreement.[2] Furthermore, Plaintiff has addressed the reasonable diligence and cause of action prongs of California Code of Civil Procedure section 415.50 by submitting a sworn statement of facts that support that a cause of action exists against Defendant Velazquez Aguilar and including declarations which have been described in this Order. *See* ECF No. 11-2. However, Plaintiff has not addressed whether service by publication is reasonably calculated, under all the circumstances, to apprise Velazquez Aguilar of the action and afford her an opportunity to present her objections, if any. *See Mullane*, 339 U.S. at 314

---

[2] Although the United States and Mexico are signatories to the Hague Service Convention and the Inter-American Convention on Letters Rogatory, Jan. 30. 1975, O.A.S.T.S. No. 43, 1438 U.N.T.S. 288, neither agreement prohibits alternative service. *See* Art. 1, Hague Service Convention ("This Convention shall not apply where the address of the person to be served with the document is not known."); *Russell Brands, LLC v. GVD Int'l Trading, SA*, 282 F.R.D. 21, 24 (D. Mass. 2012) (finding that the Inter-American Convention on Letters Rogatory does not bar alternate service).

(citations omitted). Additionally, while the declaration of Tucker supports Plaintiff's statement that a publication through Global Legal Notice, LLC is the only known method of service by publication in Mexico [ECF No. 11-2 at 11], Plaintiff has not made any showing that publication in the Daily Transcript is "most likely to give actual notice to the party to be served" in San Diego County, as required by section 415.50(b) of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(b); *cf. State Farm Life Ins. Co v. Hernandez*, No. 3:17-cv-2515-L-BGS, 2019 U.S. Dist. LEXIS 60155 (S.D. Cal. Apr. 8, 2019) (authorizing service by publication in the San Diego Union Tribune); *Mybusinessloan.com v. Skymedicus Inc.,* No. 3:16-cv-02541-CAB-JLB, 2017 U.S. Dist. LEXIS 170205 (S.D. Cal. June 1, 2017) (noting plaintiff made no showing that the San Diego Business Journal was most likely to give actual notice to the party served).

"[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 315. Although the alternate means of service described in section 415 of the California Code of Civil Procedure (e.g. personal service, service by mail, etc.) are not available here, the Court notes that "a wide variety of alternative methods of service" exist, including service via email, and through concurrent methods of service. *Rio Props.*, 284 F.3d at 1016.

Plaintiff's Motion does not provide any indication that publication of the complaint and summons on the Global Legal Notices website could be reasonably expected to provide notice to the Defendant. In particular, the Motion does not state whether any individual has successfully received notice through internet publication in Mexico in any case, does not provide any evidence as to the number or type of cases where Global Legal Notices has successfully provided notice in Mexico or any other country, or evidence about how much traffic its website receives, and from where. Plaintiff also does not argue that it would be reasonable to expect that Defendant Velazquez Aguilar would visit or even be aware of the Global Legal Notices website. Without any showing that would allow the Court to conclude that the method of alternative service requested is reasonably calculated to

apprise Defendant Velazquez Lopez of the litigation and give her an opportunity to present her objections, Plaintiff has not met the burden of showing that the proposed service comports with due process.

## IV.   CONCLUSION

For the above reasons, the Court **GRANTS IN PART** the parties' Joint Motion for Stay [ECF No. 9] and **DENIES** Plaintiff's Ex Parte Motion for Order Authorizing Service of Summons and Complaint on Defendant Velazquez Aguilar by Publication in Mexico and San Diego County [ECF No. 11].

This case is **STAYED** for three months from the date of this Order, until **February 7, 2023**, and Plaintiff's time to effectuate domestic service upon Defendant Velazquez Aguilar is extended to that date, for good cause shown.

It is further **ORDERED** that Plaintiff must file a status report detailing its efforts to effectuate service no later than **February 7, 2023** if service has not yet been completed. Plaintiff may additionally file a renewed motion for alternative service at that time.

If service upon Velazquez Aguilar is completed prior to the expiration of the stay, Plaintiff must file proof of service within five days of service being complete.

**IT IS SO ORDERED**.

Dated:  November 7, 2022

Honorable Linda Lopez
United States District Judge